UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 09 C 2576 |
| v. ) | |
| ) | Judge John W. Darrah |
| PASKOTECH PAINTING & ) | |
| INDUSTRIAL FLOORING, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought suit against Defendant, Paskotech Painting & Industrial Flooring, Inc. ("Paskotech"), under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), to compel an audit and to collect delinquent employee benefit fund contributions, union dues, and assessments disclosed by the audit. Before the Court is Plaintiffs' motion for summary judgment. Defendant has not filed a response.

The following facts are taken from Plaintiffs' Local Rule 56.1(a)(3) Statement of Undisputed Material Facts. As no response has been filed, Plaintiffs' facts are deemed admitted. L.R. 56.1(b)(3)(C); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009).

Plaintiffs the Painters' District Council No. 30 Health and Welfare Fund ("Health and Welfare Fund"), the Painters' District Council No. 30 Pension Fund ("Pension Fund"), the Painters and Allied Trades District Council No. 30 Joint Apprenticeship and Training Fund ("Apprenticeship Fund") and the Northern Illinois Painting and Drywall Institute ("NIPDI") (collectively, "the Funds") are employee benefit trusts and/or plans within the meaning of ERISA

Section 3(3), 29 U.S.C. § 1002(3). Plaintiff Charles Anderson is a fiduciary and trustee of the Health and Welfare Fund, the Pension Fund and the Apprenticeship Fund. Plaintiff Rick Vandegraft is a fiduciary and trustee of NIPDI. Plaintiff Painters District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO (the "Union") is a labor organization representing employees in an industry affecting commerce, as defined by LMRA § 301(a), 29 U.S.C. § 185(b). Defendant Paskotech is a Michigan corporation engaged in the construction painting business.

At all times since at least October 4, 2007, Paskotech has been bound a series of collective-bargaining agreements ("CBAs"). Under the CBAs, Paskotech agreed to adopt and be bound by the provisions of the Funds' Trust Agreements ("Trust Agreements") and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements. The Trust Agreements require Paskotech to pay continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the applicable CBAs. Additionally, the CBAs and Trust Agreements authorize the Funds and Union to audit contributing employers.

In 2009, Plaintiffs' auditor conducted an examination of Paskotech's books and records ("the Audit") for the period covering October 1, 2007 through December 31, 2008 ("the Audit Period"). The Audit revealed that Paskotech failed to report all hours worked by and gross wages paid to certain individuals, failed to pay the corresponding contributions owed to various Funds, and failed to remit dues and assessments to the Union during the Audit Period.

The Audit found that Paskotech owed contributions, dues and/or assessments for the following employees, in the following amounts: Adriatik Ujkaj, $1,581.28; Arian Camaj, $4,010.39; Lesh Gorvokovic, $6,242.29; Vaselj Djonaj, $17,860.05; and Maras Dusevic,

2

$20,900.28. Additionally, the Audit found that Paskotech owed contributions, dues and/or assessments for work performed by two subcontractors (SVS, Inc. and Waltech) in the amount of $6,946.75 for each.

Thus, the total principal amount owed by Plaintiffs on behalf of the five employees and two subcontractors is $64,487.79. Under Section 502(g) of ERISA, Plaintiffs are also entitled to interest on the delinquent contributions, the greater of interest or liquidated damages as provided in the applicable Trust Agreements, and reasonable attorney's fees and costs. 29 U.S.C. § 1132(g). The Auditors' fees in this case were $2,227.50.

As noted above, Defendant has failed to respond to the Plaintiffs' motion for summary judgment. Accepting Plaintiffs' uncontested facts as true, Plaintiffs are entitled to summary judgment and damages in the amount requested.

Therefore, Plaintiffs' Motion for Summary Judgment is granted. Plaintiffs are ordered to submit a proposed order setting out the amounts owed by Defendant, including interest, liquidated damages and attorney's fees.

Dated: December 1, 2010

JOHN W. DARRAH
United States District Court Judge