UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charles E. Anderson, Trustee on Behalf of Painters' District Council No. 30 Pension Fund, Painters' District Council No. 30 Health and Welfare Fund, and Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Fund; Rick Vandegraft, Trustee on Behalf of the Northern Illinois Painting and Drywall Institute; and the District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO, a Labor Organization,<br><br>       Plaintiffs,<br> v.<br><br>Paskotech Painting & Industrial Flooring Inc., a Michigan corporation,<br><br>       Defendant. | Case No. 09-cv-2576<br>Judge Darrah<br>Magistrate Judge Brown |

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

Pursuant to this Court's order entered December 1, 2010 (the "Order"), Plaintiffs respectfully move this Court for the entry of judgment in their favor and against Defendant in the total amount of $109,437.56, on the basis of the information set forth below:

1. In the Order, the Court granted Plaintiffs' motion for summary judgment and found that Defendant was liable to Plaintiffs for delinquent contributions, assessments, and dues in the total principal amount of $64,487.79, and directed Plaintiffs to submit a proposed order setting forth the additional amounts owed by Plaintiffs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), including interest, liquidated damages, attorneys' fees, and costs.

2. Total interest on the delinquent contributions to the "ERISA Funds"—*i.e.* the Painters' District Council No. 30 Pension Fund, the Painters' District Council No. 30

Health and Welfare Fund, and the Painters' & Allied Trades District Council No. 30 Joint Apprenticeship and Training Fund—through December 31, 2010, is $9,739.21. (Exh. 1 – Declaration of Gerard Pater at ¶ 3.)

3. Liquidated damages on the delinquent contributions to the "ERISA Funds" are, pursuant to Section 502(g)(2) of ERISA, twenty percent of the delinquencies. This amount is $11,357.33, as reflected in paragraph 16 of the Declaration of Gerard Pater attached as Exhibit 10 to Plaintiffs' Motion for Summary Judgment, attached again as Exhibit 2 to this motion.

4. The auditors' fees incurred in connection with the instant case total $2,227.50. (Exh. 2 – Pater Decl. at ¶ 17.)

5. Plaintiffs have incurred $1,340.45 in taxable costs and $340.73 in related non-taxable expenses in connection with this matter. (Exh. 3 – Declaration of David Huffman-Gottschling at ¶ 10-11.)

6. Plaintiffs have incurred $21,285.00 in attorneys' fees in connection with this matter. (Exh. 3 - Huffman-Gottschling Decl. at ¶ 9.)

7. The total owed to Plaintiffs, the sum of the principal amount of $64,487.79 awarded in the Order and the additional elements of damages set forth in paragraphs (2) through (6) above, is **$109,437.56**.

8. A proposed order is attached as Exhibit 4.

FOR ALL THE FOREGOING REASONS, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against Defendant Paskotech in the total amount of $109,437.56.

> Respectfully submitted,
>
>   s/  David Huffman-Gottschling
> One of Plaintiffs' attorneys

David Huffman-Gottschling
ARDC No. 6269976
Jacobs, Burns, Orlove and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

## CERTIFICATE OF SERVICE

I, David Huffman-Gottschling, an attorney, certify that I caused a copy of the foregoing document to be served electronically upon the following person by filing it using the ECF system on December 10, 2010:

> Kathleen Cahill
> Allocco, Miller & Cahill
> 3409 N. Paulina St.
> Chicago, IL 60657-1220
>
>   /s/  David Huffman-Gottschling
> David Huffman-Gottschling